## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**SHABNAM DASTMALCHIAN,**                           )
                                                    )
    **Plaintiff,**                )
                                                    )
    **v.**                        )    **Civil Action No. 14-0594 (ESH)**
                                                    )
**DEPARTMENT OF JUSTICE, *et al.*,**                )
                                                    )
    **Defendants.**                )
_____ )

## <u>MEMORANDUM OPINION</u>

Before the Court is defendants' motion to dismiss plaintiff's pro se complaint. (Mot. to Dismiss, Sept. 3, 2014 [ECF No. 13].) For the reasons set forth herein, the Court will dismiss one claim and transfer the remaining claims to the Central District of California.

## BACKGROUND

This civil case arises out of the criminal prosecution of plaintiff's husband (Masoud Bamdad) in the Central District of California. *See United States v. Bamdad*, 459 Fed. App'x 653, 655 (9th Cir. 2011). A jury convicted Bamdad on "ten counts of illegally prescribing oxycodone[,] . . . three counts of illegally prescribing oxycodone to persons under twenty-one years old . . . [, and] one count of criminal forfeiture of his medical office building." *Id*. After the jury's verdict and before sentencing, the court entered a preliminary order of forfeiture, *see* Fed. R. Civ. P. 32.2(b)(2), which (1) declared that "[a]ll right, title and interest of defendant Masoud Bamdad" in the medical office building was forfeited to the United States and (2)

authorized seizure of the property by the United States Marshals Service ("USMS").[1]  *See*

Preliminary Order of Forfeiture at 2, *United States v. Bamdad*, No. 2:08-cr-00506 (C.D. Cal. Jan.

29, 2010) [ECF No. 212] ("*Bamdad* District Court Case").  The order further provided that a

third party could assert a legal interest in the property by filing a petition to commence an

ancillary proceeding pursuant to Fed. R. Crim. P. 32.2(c)(1)[2] and 21 U.S.C. § 853(n)(2).[3]  *Id*. at

3-4.  Following the entry of the preliminary order of forfeiture, MSB Investment Group, LLC,

timely filed a petition with the court claiming to be the sole owner of the medical building.  *See*

Notice of Third-Party Claimant at 1, *Bamdad* Criminal Case (Apr. 6, 2010) [ECF No. 230].

MSB's notice was not filed by an attorney, but rather filed by plaintiff as the "managing

director" of MSB.  *Id*. at 1.  The United States moved to dismiss the petition on the ground that a

limited liability company is not allowed to appear in court except through counsel.  Motion To

---

[1] Fed. R. Civ. P. 32.2(b)(2)(A) provides:

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

[2] Fed. R. Civ. P. 32.2(c)(1) provides:

> If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

[3] 21 U.S.C.A. § 853(n)(2) provides:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

Dismiss Petition at 4, *Bamdad* Criminal Case (Apr. 21, 2010) [ECF No. 241]. The court granted

the motion, but gave MSB additional time (until June 21, 2010), to retain counsel and file a new

petition. Order, *Bamdad* Criminal Case (May 24, 2010) [ECF No. 245]. The court also gave

plaintiff until the same date to file a petition "to determine her personal, individual interest" in

the property. *Id*. Neither MSB nor plaintiff filed a petition. On July 29, 2010, Bamdad was

sentenced to 300 months imprisonment, a $1 million fine, and the forfeiture of his interest in the

medical office building where he had practiced. Judgment, *Bamdad* Criminal Case (Aug. 2,

2010) [ECF No. 285].) His conviction and sentence were affirmed on appeal. *See United States*

*v. Bamdad*, 459 Fed. App'x at 656.

Subsequently, MSB and the United States entered into an agreement (which was signed

by the prosecutor in Bamdad's criminal case, Assistant United States Attorney ("AUSA")

Monica Tait, an attorney for MSB, and plaintiff, as the managing member of MSB), which

provided that the medical office building would be sold for fair market value, with the net

proceeds to be split evenly between MSB and the USMS. *See* Stipulation, *Bamdad* Criminal

Case (Dec. 13, 2010) [ECF No. 330]. The court approved the agreement and entered a final

order of forfeiture. *See* Final Order of Forfeiture, Resolving Ancillary Proceeding, *Bamdad*

Criminal Case (Dec. 17, 2010) [ECF No. 332]. Several years later, the United States notified the

court that it had reached a "buy-out" agreement with MSB and, pursuant to that agreement (again

signed by AUSA Tait, an attorney for MSB, and plaintiff), it would accept a cash payment from

MSB in lieu of a sale of the medical office building. *See* Gov't's Notice of Acceptance of

Payment, *Bamdad* Criminal Case (July 22, 2013) [ECF No. 409].

On April 15, 2014, plaintiff filed the above-captioned case against the United States

Department of Justice ("DOJ"), AUSA Tait, the USMS, Anthony Mosely, a deputy United States

Marshal in the Central District of California, United States District Judge George Wu, the presiding judge in plaintiff's husband's criminal case, and the United States Senate Judiciary Committee.  According to the complaint, plaintiff, in addition to being Bamdad's wife and the managing member of MSB, is a licensed dentist whose practice was in the same building as her husband's medical practice.  (Am. Compl. ¶ 13.)  The complaint alleges that the forfeiture order in plaintiff's husband's criminal case caused the government, through AUSA Tait and Deputy Marshal Mosely, "to place constant pressure on Plaintiff, claiming that they want to sell and auction Plaintiff's property in order to recover half of the sale's price as part of Dr. Bamdad's share, while Dr. Bamdad's name has not been in the property title" (Am. Compl. ¶ 12), and further that the "above mentioned pressure was so much that it forced the Plaintiff to find a hard money lender to borrow hard money . . .  in order to prevent the auctioning of her professional building and indirectly losing her own practice."   (Am. Compl. ¶ 13.)

Although the complaint does not specifically identify the nature of the legal claim plaintiff is bringing against each defendant, it identifies the legal bases for her complaint as the Fifth Amendment to the United States Constitution, *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), 42 U.S.C. § 1985(3), and the Federal Tort Claims Act ("FTCA"), 18 U.S.C. §§ 1346(b) & 2671-80.  (Am. Compl. at 1, 6.)  It alleges that the DOJ, the USMS, AUSA Tait, Deputy Marshal Mosely and District Judge Wu, individually and "in concert" have "deliberately violated and continue to violate Plaintiff's Constitutional and legal rights, and cause her serious emotional and mental distress."  (Am. Compl. ¶ 16.)  More specifically, it alleges that AUSA Tait and the DOJ (through AUSA Tait) violated plaintiff's rights "by misguiding and forcing her to unlawfully pay them a sum of money under duress and coercion" (Am. Compl. ¶ 2); that Deputy Marshal Moseley and the USMS (through Deputy Marshal Moseley) violated plaintiff's

rights because they "misled and misinformed [her] that they could auction and sell [her] property . . . without [her] consent" (Am. Compl. ¶ 3); that District Judge Wu violated plaintiff's rights because he "unlawfully and wrongfully ordered forfeiture of a property which belongs to Plaintiff a non-party to a criminal conviction" (Am Compl. ¶ 4); and that the Senate Judiciary Committee violated plaintiff's rights by its "approval of a judge who does not have regard for the U.S. Constitution and separation of powers." (Am. Compl. ¶ 5.) Plaintiff claims to be seeking both injunctive relief and damages.

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), improper venue, Fed. R. Civ. P. 12(b)(3), and failure to state a claim, Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

Read liberally,[4] the complaint appears to include the following claims: (1) a Fifth Amendment claim against each of the named defendants except the Senate Judiciary Committee; (2) a *Bivens* claim for damages against each individual defendant based on the alleged Fifth Amendment violation[5]; (3) a § 1985(3) claim against the DOJ, USMS, Wu, Tait and Moseley based on an alleged conspiracy to violate plaintiff's Fifth Amendment rights; (4) an FTCA claim for damages based on the allegedly tortious acts of Tait and Moseley; and (5) an unspecified constitutional claim against the Senate Judiciary Committee for its approval of Judge Wu during the nomination process.

---

[4] The pleadings of pro se litigants are to be "liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that an individual could sue a federal officer, in his individual capacity, for money damages for constitutional violations.

With the exception of the claim against the Senate Judiciary Committee, all of plaintiff's claims are based on actions that took place in the Central District of California in conjunction with the entry and enforcement of the forfeiture order in plaintiff's husband's criminal case and all of the individual defendants reside in the Central District of California. Accordingly, the *only* proper venue for plaintiff's *Bivens* and FTCA claims is the Central District of California. *See Lamont v. Haig,* 590 F.2d 1124, 1135 (D. C. Cir. 1978) (venue must be established as to each cause of action). Venue for a Bivens claim is governed by the general venue rule, 28 U.S.C. § 1391(b). *See Gonzalez v. Holder*, 763 F. Supp. 2d 145, 152-53 (D.D.C. 2011). Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In the present case, only subsection (2) would apply, making the proper venue for plaintiff's *Bivens* claims the Central District of California. Similarly, plaintiff's FTCA claim must be brought in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," 28 U.S.C. § 1402, making the Central District of California again the only proper venue. Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is the preferred option, so the Court will transfer plaintiff's *Bivens* and FTCA claims to the Central District of California.

As for plaintiff's § 1985(3) claim and Fifth Amendment claims, venue is governed by 28

U.S.C. § 1391(e)(1), which provides:

> A civil action in which a defendant is an officer or employee of the United States
> or any agency thereof acting in his official capacity or under color of legal
> authority, or an agency of the United States, or the United States, may, except as
> otherwise provided by law, be brought in any judicial district in which (A) a
> defendant in the action resides, (B) a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (C) the plaintiff resides if no real property is
> involved in the action.

As the DOJ and the USMS reside in the District of Columbia, venue is not improper for these

claims. *See Galindo v. Gonzales*, 550 F. Supp. 2d 115, 116-17 (D.D.C. 2008) (naming Bureau of

Prisons as defendant renders venue in the District proper under § 1391(e)). However, the

"propriety of venue in the District of Columbia . . . . does not resolve the matter since '[f]or the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought.'" *Galindo*, 550 F.

Supp. at 116 n.2 (quoting 28 U.S.C. § 1404(a)). The District of Columbia is not the only proper

venue for plaintiff's § 1985(3) and Fifth Amendment claims; venue is also proper in the Central

District of California where "a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C.

§ 1391(e). The Central District of California is also the more appropriate forum given that

plaintiff's *Bivens* and FTCA claims, which arise out of the same events, must proceed there.

Accordingly, the Court will transfer plaintiff's § 1985(3) and FTCA claims to the Central

District of California.

What remains is plaintiff's unspecified constitutional claim against the Senate Judiciary

Committee based on the Committee's approval of District Judge Wu during the confirmation

process. Unlike plaintiff's other claims, the events giving rise to this claim took place in the

District of Columbia and the only defendant resides in the District of Columbia.  Thus, the

District of Columbia, not the Central District of California, is the proper venue for this claim.

The Court will, however, dismiss this claim for lack of subject matter jurisdiction as plaintiff

lacks standing to object to the confirmation process.  In the alternative, even if plaintiff had

standing, the claim would be dismissed because the Committee has absolute legislative immunity

for the challenged action.  *See Chastain v. Sundquist*, 833 F.2d 311, 314 (D.C. Cir. 1987)

(constitutional immunity provided by "the Speech or Debate Clause protects all lawmaking

activities undertaken in the House and Senate," including "actions taken in committee hearings,

proceedings, and reports, or by vote, even though not always literally 'words spoken in debate'"

(quoting *Kilbourn v. Thompson,* 103 U.S. (13 Otto) 168, 204, (1880)).  The Senate Judiciary

Committee's allegedly unconstitutional decision to approve Judge Wu clearly falls within the

parameters of this immunity

## CONCLUSION

For the reasons stated above, the Court will dismiss plaintiff's claim against the Senate

Judiciary Committee and transfer the remaining claims to the Central District of California.  A

separate Order accompanies this Memorandum Opinion.


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   October 20, 2014